**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>QVC, INC., a Delaware corporation; QURATE RETAIL GROUP, INC., a Delaware corporation; XCEL BRANDS, INC., a Delaware corporation; EL-LA DESIGN, INC., a New York corporation; and DOES 1 through 10,<br><br>Defendants. | Civil Action No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Klauber Brothers, Inc., a New York corporation, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff Klauber Brothers, Inc. ("Klauber" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

5.     Plaintiff is informed and believes and thereon alleges that Defendant QVC, Inc. ("QVC"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1200 Wilson Drive, West Chester, Pennsylvania 19380, and is doing business with the State of New York.

6.     Plaintiff is informed and believes and thereon alleges that Qurate Retail Group, Inc. ("Qurate") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1200 Wilson Drive, West Chester, Pennsylvania 19380, and is doing business with the State of New York.

7.     Plaintiff is informed and believes and thereon alleges that Xcel Brands, Inc. ("Xcel") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1333 Broadway, 10th Floor, New York, New York 10018, and is doing business in and with the State of New York.

8.     Plaintiff is informed and believes and thereon alleges that EL-LA Design, Inc. ("EL-LA") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at an unknown address, and is doing business in and with the State of New York.

9.     Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing lace manufactured with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

10.    Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 3931 / DESIGN 9101

12.    Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design number 3931 and created a derivative work which was allocated internal design number 9101 ("Subject Design A"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

13.    Plaintiff owns a United States Copyright Registration covering Subject Design A.

14.    Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design A to numerous parties in the fashion and apparel industries.

15.    Following this distribution of product bearing Subject Design A, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design A.

16.    Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, QVC, Qurate, Xcel, and others, including certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to Subject Design A ("Infringing Product A"). Such garments include but are not limited to the garments designated Style Nos. A295936, A293931, and A343265, all of which bear the label "Isaac Mizrahi Live!" and RN No. 81893, indicating that they were manufactured by or for QVC.

17.    Below is a comparison of Subject Design A with exemplars of Infringing Product A:

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

| Subject Design A | Infringing Product A Exemplar |
|---|---|
| **Klauber Design 9101**<br><br>Detail | **Isaac Mizrahi Live! - Stretch Scroll Lace Mock Neck Tunic (A295936)**<br><br>Detail |



Garment

COMPLAINT

| **Klauber Design 9101** | **Isaac Mizrahi Live! - Stretch Floral Scroll Lace 3/4 Sleeve Tunic (A293931)** |
|---|---|

Detail



Detail



Garment



COMPLAINT



| Klauber Design 9101 | Isaac Mizrahi Live! - Regular Lace Mock-Neck Knit Dress (A343265) |
|---|---|
| Detail | Detail |
| | Garment |

COMPLAINT

18.     The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the garments is substantially similar to the design at issue.

## CLAIMS RELATED TO DESIGN 608

19.    Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design number 608 ("Subject Design B"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

20.     Plaintiff owns a United States Copyright Registration covering Subject Design B.

21.     Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design B to numerous parties in the fashion and apparel industries.

22.     Following this distribution of product bearing Subject Design B, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design B.

23.     Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, QVC, Qurate, Xcel, and others, including certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to Subject Design B ("Infringing Product B"). Such garments include but are not limited to the garments designated Style Nos. A352416 and A352417, which bear the label "Isaac Mizrahi Live!" and RN No. 81893, indicating that they were manufactured by or for QVC.

24.     Below is a comparison of Subject Design B with exemplars of Infringing Product B:

///

///

///

///

COMPLAINT

| **Subject Design B** | **Infringing Product B Exemplar** |
|---|---|
| **Klauber Design 608** | **Isaac Mizrahi Live! - Regular Bi-Color Paneled Lace Skort (A352416)** |
| Detail | Detail |





Garment





COMPLAINT



25.     The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the garments is substantially similar to the design at issue.

## CLAIMS RELATED TO DESIGN 410

26.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design

number 410 ("Subject Design C"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

27.       Plaintiff owns a United States Copyright Registration covering Subject Design C.

28.       Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design C to numerous parties in the fashion and apparel industries.

29.       Following this distribution of product bearing Subject Design C, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design C, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design C.

30.       Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, QVC, Qurate, Xcel, and others, including certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design C ("Infringing Product C"). Such garments include but are not limited to the garments designated Style No. A343391,  which bears the label "Isaac Mizrahi Live!" and RN No. 81893, indicating that they were manufactured by or for QVC.

31.       Below is a comparison of Subject Design C with exemplars of Infringing Product C:

///

///

///

///

///

///

///

///

///

COMPLAINT

| Subject Design C | Infringing Product C Exemplar |
|---|---|
| **Klauber Design 410** | **Isaac Mizrahi Live! – Chantilly Lace Ruffle Top (A343391)** |

Detail 

 

Garment



COMPLAINT

32.     The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the garments is substantially similar to the design at issue.

## CLAIMS RELATED TO DESIGN 39111 X

33.   Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design number 39111 X ("Subject Design D"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

34.    Plaintiff owns a United States Copyright Registration covering Subject Design D.

35.    Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design D to numerous parties in the fashion and apparel industries.

36.    Following this distribution of product bearing Subject Design D, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design D, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design D.

37.    Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, QVC, Qurate, Xcel, and others, including certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design D ("Infringing Product D"). Such garments include but are not limited to the garments designated Style Nos. A352418 and A352419, all of which bear the label "Isaac Mizrahi Live!" and RN No. 81893, indicating that they were manufactured by or for QVC.

38.    Below is a comparison of Subject Design D with exemplars of Infringing Product D:

 ///

 ///

 ///

13

| **Subject Design D** | **Infringing Product D Exemplar** |
|---|---|
| **Klauber Design 39111 X**<br><br>Detail<br><br> | **Isaac Mizrahi Live! - Regular Pebble Knit Culottes with lace (A352418)**<br><br>Detail<br><br><br><br>Garment<br><br> |

COMPLAINT

| **Klauber Design 39111 X** | **Isaac Mizrahi Live! - Petite Pebble Knit Culottes with lace (A352419)** |
|---|---|
| Detail | Detail |





Garment

COMPLAINT

39.     The above comparisons make apparent that the elements, composition, colors, arrangement, layout, and appearance of the design on the garments is substantially similar to the design at issue.

## CLAIMS RELATED TO DESIGN 3886 / DESIGN 3885

40.    Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design number 3886 and created a derivative work which was allocated internal design number 3885 ("Subject Design E"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

41.     Plaintiff owns a United States Copyright Registration covering Subject Design E.

42.     Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design E to numerous parties in the fashion and apparel industries.

43.     Following this distribution of product bearing Subject Design E, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design E, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design E.

44.     Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, QVC, Qurate, Xcel, and others, including certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design E ("Infringing Product E"). Such garments include but are not limited to the garments designated Style Nos. A343268 and A343269, which bear the label "Isaac Mizrahi Live!" and RN No. 81893, indicating that they were manufactured by or for QVC.

45.     Below is a comparison of Subject Design E with exemplars of Infringing Product E:

///

///

16

COMPLAINT

| Subject Design E | Infringing Product E Exemplar |
|---|---|
| **Klauber Design 3885** <br><br> Detail <br><br>  <br><br><br> **Klauber Design 3886** <br><br> Detail <br><br>  | **Isaac Mizrahi Live! Crushed Velvet Pants with lace (A343268)** <br><br> Detail <br><br>  <br><br><br> Garment <br><br>  |

COMPLAINT

| **Klauber Design 3885** | **Isaac Mizrahi Live! Petite Crushed Velvet Pants with lace (A343269)** |
|---|---|
| Detail | Detail |
|  |  |
| **Klauber Design 3886** | Garment |
| Detail |  |
|  | |

COMPLAINT

46.     The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the garments is substantially similar to the design at issue.

## CLAIMS RELATED TO DESIGN 845

47.   Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design number 845 ("Subject Design F"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

48.      Plaintiff owns a United States Copyright Registration covering Subject Design F.

49.      Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design F to numerous parties in the fashion and apparel industries.

50.       Following this distribution of product bearing Subject Design F, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design F, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design F.

51.      Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, QVC, Qurate, and others, including certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design F ("Infringing Product F"). Such garments include but are not limited to the garments designated Style No. A304317 bearing the label "Joan Rivers" and RN No. 90133, indicating that they were manufactured by or for EL-LA.

52.      Below is a comparison of Subject Design F with exemplars of Infringing Product F:

///

///

///

| Subject Design F | Infringing Product F Exemplar |
|---|---|
| **Klauber Design 845** | **Joan Rivers - Regular Pull-on Cropped Pants (A304317)** |
| Detail | Detail |



Garment



53.     The above comparisons make apparent that the elements, composition, colors, arrangement, layout, and appearance of the design on the garments is substantially similar to the design at issue.

## CLAIMS RELATED TO DESIGN 615

54.    Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design number 615 ("Subject Design G"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

55.     Plaintiff owns a United States Copyright Registration covering Subject Design G.

56.     Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design E to numerous parties in the fashion and apparel industries.

57.     Following this distribution of product bearing Subject Design G, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design G, and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design G.

58.     Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, QVC, Qurate, EL-LA, and others, including certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design G ("Infringing Product G"). Such garments include but are not limited to the garments designated Style No. A273869 bearing the label "Linea by Louis Dell'Olio" and RN No. 90133, indicating that they were manufactured by or for EL-LA.

59.     Below is a comparison of Subject Design G with exemplars of Infringing Product G:

///

///

///

21

COMPLAINT

| **Subject Design G** | **Infringing Product G Exemplar** |
|---|---|
| **Klauber Design 615**<br><br>Detail<br><br> | **Linea by Louis Dell'Olio - Knit Top with Lace Detail (A273869)**<br><br>Detail<br><br><br><br>Garment<br><br> |

60.     The above comparisons make apparent that the elements, composition, colors, arrangement, layout, and appearance of the design on the garments is substantially similar to the design at issue.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

61.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

62.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs A, B, C, D, E, F, and G (collectively, the "Subject Designs") including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers.

63.     Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Designs, or were illegal derivations or modifications thereof.

64.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a network of retail stores, catalogues, and through on-line websites.

65.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

66.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

67.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

68.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

69.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

70.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

71.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

72.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

73.     Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

74.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

75.     Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

<u>With Respect to Each Claim for Relief</u>

a)   That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b)   That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c) That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d) That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e) That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f) That Plaintiff be awarded pre-judgment interest as allowed by law;

g) That Plaintiff be awarded the costs of this action; and

h) That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 8, 2019                    By: _____

Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
scott@donigerlawfirm.com
Attorneys for Plaintiff

COMPLAINT