USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KLAUBER BROTHERS, INC.,

                    Plaintiff,

          -against-

QVC, INC., QUARATE RETAIL GROUP, INC.,
XCEL BRANDS, LAI APPAREL DESIGN, INC.,
and DOES 1-10,

                    Defendants.

---

1:19-cv-09321 (MKV)

**OPINION AND ORDER
GRANTING IN PART MOTION
TO RECONSIDER**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Klauber Brothers, Inc. moves this Court pursuant to Local Rule 6.3 [Pl. Mem, ECF No. 53] to reconsider its decision granting Defendants QVC, Inc., Quarate Retail Group, Inc., Xcel Brands, and Lai Apparel Design's Motion to Dismiss the First Amended Complaint. [ECF No. 45] (the "Dismissal Opinion"). A detailed recitation of the facts underlying this case is provided in the Court's Dismissal Opinion. Defendants oppose reconsideration [Defs. Opp., ECF No. 51], and Plaintiff has filed a reply in further support of its Motion [Pl. Reply 52]. Plaintiff contends that this Court committed three errors that warrant reconsideration:  1) the Court improperly considered an argument raised for the first time in Defendants' reply brief; 2) the Court misapplied the "substantial similarity" standard in this copyright action; and 3) the Court should have granted Plaintiff leave to amend its First Amended Complaint [ECF No. 26]. For the reasons contained herein, Plaintiff's Motion to Reconsider is granted in part.

**LEGAL STANDARD**

"The standard for granting [a Local Rule 6.3 motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). For that reason, a

1

movant must "demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Ferrand v. Credit Lyonnais*, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003) (internal quotation marks and citations omitted).  Reconsideration is also warranted where there is a "need to correct a clear error or prevent manifest injustice." *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, 2016 WL 6820745, at \*1 (S.D.N.Y. Nov. 10, 2016) (internal quotation marks omitted).  However, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

## DISCUSSION

**I.      THE COURT DID NOT MISAPPLY THE "SUBSTANTIALLY SIMILAR" STANDARD FOR COPYRIGHT INFRINGEMENT**

To prove copyright infringement, a plaintiff must show "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010).  The standard applicable to establish "substantial similarity" in copyright cases is a common-sense one that asks "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Id.* at 66 (internal quotation marks omitted). Plaintiff's First Amended Complaint alleged that seven of Defendants' designs were substantially similar to their own. *See* First Amended Complaint ¶¶ 17, 25, 33, 41, 49, 57, 65. The Parties and the Court referred to these designs as Designs A, B, C, D, E, F, and G, respectively.

In the Dismissal Opinion, the Court applied the "ordinary observer" test, and reviewed each design individually, *see* Dismissal Opinion at 7-16, concluding that only Designs A and D were substantially similar to Plaintiff's designs for purposes of copyright infringement.

Plaintiff now argues that the Court's analysis was clearly erroneous because dismissal for lack of substantial similarity is appropriate only where no reasonable jury could find that the two works are substantially similar. *See* Pl. Mem. at 11. Plaintiff is incorrect. "[T]here is ample authority for the proposition that a district court may make a determination as to substantial similarity on a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Peter F. Gaito*, 602 F.3d at 64-65 (collecting cases). Plaintiff's Motion seeking reconsideration of the Court's Dismissal Opinion with respect to the Designs B, C, E, F, and G is an inappropriate attempt to relitigate what this Court has already decided. *See* Dismissal Opinion at 7-17. Plaintiff may not now assert "arguments not previously presented to the Court, or reargue those issues already considered." *Hayles v. Advanced Travel Mgmt. Corp.*, 2004 U.S. Dist. LEXIS 865, 2004 WL 117597, at *1 (S.D.N.Y. Jan. 26, 2004); *Shrader*, 70 F.3d at 257. Upon careful review of Plaintiff's Motion, the Court identifies no controlling law or facts overlooked with respect to the designs deemed not substantially similar.[1] Reconsideration therefore is not warranted as to those designs.

## II. RECONSIDERATION IS WARRANTED AS TO THE ALLEGATIONS OF DEFENDANTS' COPYING OF PLAINTIFF'S DESIGNS

Even if a plaintiff sufficiently alleges that a substantial similarity exists between the claimed designs, he must also show that the defendant has knowledge of the designs, or directly

---

[1] The Court for the same reason rejects Plaintiff's misguided argument, not raised in its briefing on the Motion to Dismiss the First Amended Complaint, that "[t]he Court failed to enforce Klauber's exclusive . . . right to create derivative works." Pl. Mem. at 15 (cleaned up). *See Castle Rock Ent., Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132, 143 (2d Cir. 1998) ("'[A] work will be considered a derivative work only if it would be considered an infringing work' if it were unauthorized." (quoting 1 Nimmer § 3.01, at 3–3)).

copied the plaintiff's work. *Peter F. Gaito*, 602 F.3d at 63. In copyright infringement cases, a plaintiff must allege either actual copying of the work, or facts sufficient to allow the Court to infer that the defendant had access to the designs in order to copy them. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

The Dismissal Opinion granted Defendants' Motion because, *inter alia*, Plaintiff did not plead facts sufficient to support an inference that the Defendants had access to the copyrighted designs at the time of the alleged infringement. Dismissal Opinion at 19 (explaining that Plaintiff fails to meet its "obligation [] to allege facts sufficient to support an inference that *Defendants themselves* likely had access to Plaintiff's designs before manufacturing and marketing the allegedly infringing products.") (emphasis in original); *see also id.* at 17 ("Plaintiff has failed adequately to allege access [and therefore] Plaintiff's direct infringement claims fail as a matter of law.").

Plaintiff asserts that "Defendants improperly raised the 'access' argument on reply." Pl. Mem. at 4. Defendants do not contend otherwise, but claim in a footnote that "at no point prior to this [Reconsideration] Motion did Plaintiff request supplemental briefing on the issue [and] Plaintiff likely deemed the bare boned allegations of access asserted in the [First Amended Complaint] sufficient." Defs. Opp. at 9 n.4.

The Court remains of the firm view that Plaintiff's First Amended Complaint did not allege sufficient facts with respect to access to the designs that would permit Plaintiff's claims of infringement to cross the line from possible to plausible. *See* Dismissal Opinion at 17-19. However, the Court agrees that arguments raised for the first time in reply briefs are widely deemed as waived. *See, e.g.*, *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived."); *see also*

*McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) ("[W]e ordinarily will not consider issues raised for the first time in a reply brief."); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").  For that reason, the Court grants Plaintiff's request for reconsideration only on this limited basis, and will permit Plaintiff leave to file a proposed Second Amended Complaint, amending its allegations with respect to Designs A and D only.

The Court notes that granting leave to amend is not warranted where doing so would be futile.  *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).  Having held in its Dismissal Opinion, and reaffirmed now, that Designs B, C, E, F, and G are not substantially similar to Defendants' designs, amendment to add further allegations of access with respect to those designs would be fruitless.

**CONCLUSION**

The Court GRANTS in part Plaintiff's Motion to Reconsider [ECF No. 48].  Plaintiff must file a Second Amended Complaint, if it chooses to do so, on or before May 22, 2026.

**SO ORDERED.**

**Date:  April 24, 2026**
**New York, NY**                                  _____
                                                          **MARY KAY VYSKOCIL**
                                                          **United States District Judge**